Robert Hanna for defendant Bihno Tanaka. Your honor I just want to point out or your honors I want to point out just a couple of things. Mainly the problem with the explanation of its sentence that the district court gave in sentencing Mr. Tanaka and the problem that happened is that the court went ahead and used the substantial assistance downward departure and that led to a guideline sentencing range of 18 to 20 months and then the court references when it goes to sentence Mr. Tanaka it references a 30 months without downward departures and there are a couple of ways to look at that number one there's not an explanation of why you're using 30 months if you've done a calculation to get 18 months and so you can see what the judge's reference to 30 months is saying but because of your substantial cooperation in the United States government you benefited from a lighter sentence. Yes that's so and the district court earlier in the hearing and I think it's about page 42 said very expressly that I am granting a downward departure of four levels on that basis and so the district court's reference to 30 months at the end of the hearing is Is it your contention that the guideline sentence was improperly calculated? It was not improperly calculated in the sense that the numbers were wrong the problem is is that a calculation was done and then the district court went back to a midpoint and essentially was referencing two benchmarks and not one and all of the case law from Cardi onward requires that the court fix on one benchmark and the benchmark that should have been used for the court is the one it actually decided to do which is it granted the four level downward departure which it can do and that's in 18 to 24 months. Then it imposed a 15 month sentence. Yes that's right. So what you're saying is he should have said at the most 24 and then departed downward from that? The discussion should have been yes. Why isn't the court allowed to praise the I'm looking at the paragraph that I assume you're referencing on page 56 where the reference is made to 30 months and the court couldn't be more explicit in saying that making a reference to the 30 months in the context of the motion for substantial departure which she granted. Yes but if you grant a motion for a four level downward departure that is an 18 to 24 month range and so if those two things are inconsistent your honor because it says I'm granting a motion and that has a consequence but then when I get over and I talk about on page 61 a major reduction of sentence from 30 months minimum to 60 months minimum. To 15 months that's on page 61 that's where the court. Do we have anything in the record that tells us why he started from 30? We don't well the reason yes the reason is that 30 is the minimum without the four level departure with which the district court granted. Now the 30 is how do you get that minimum if the range is 18 to 24? What happens is that there was a regionally a 22 level offense there was a three level downward departure. For acceptance of responsibility. Yes and that is where the criminal history category is one and so that's 30 months to 37 months then the district court granted the government's motion for a further four level downward departure and that gives a sentence a guidelines range of 18 to 24 months. Alright but the 15 months would you say that that was unreasonable? I would not say that there aren't any circumstances under which that would be that could not be substantial. So you were urging straight probation? Yes and it's our contention with the procedural errors. With some home detention. Yeah that's our contention on a reasonable sentence. That would not have been unreasonable either. No. As far as I'm concerned. Okay. But as he did there is this anomaly even where I didn't know that people in Guam had to file their tax returns in Guam. And that the territorial government there was responsible for making any of these credit payments but they don't have the money. So they file it in Honolulu where there's more money and where different same laws apply but the entity that would make these credit payments is a little more solvent and or more solvent. So and he's got nine kids too and he has a lot of support letters and one thing or another. So that would not have been unreasonable but it's not the sentence that the judge imposed. Yes. So what can we do about that? Well what we can do about that is number one directly. I'm complaining about the language of the 30 months that it's really not clear what he was referring to but some could argue that it is. So you want to send it back and have them say oops I shouldn't have said 30 months I should have said this. The same sentence stands. No. We hit you. We also have argued and I think the government does not do any analysis of what the trial court actually the district court actually said and that this guidelines had too much weight too much if you will appropriate this morning I guess gravitational pull. Towards you know impeding the court from going lower and imposing what you've identified to be a reasonable sentence. It used words like exposure and this was pointed out below the pre-sentence report essentially or assumed the guidelines were essentially mandatory or nearly so. Our role I think is limited to determining whether the sentence was reasonable unless we can show that they miscalculated the guidelines to begin with. We might think that the sentence should have been probation but can we say that the district court didn't exercise a sound discretion. I mean that's that's pretty difficult for us to say. Well there's another point that Cardi in the cases of follow Cardi make and that is that the guidelines cannot be presumed to be the reasonable sentence which is. No but wait until you start there. The court of appeals doesn't this circuit does not presume it's reasonable. Yes. In this case the district court I mean that the Supreme Court has said that the district court the sentencing court has to be mindful of the guidelines throughout. Yes. I'm puzzled as to what you expect the district court to do in effect disregard the guidelines when the Supreme Court is busy saying it's supposed to be mindful of them. I'm not suggesting that the district court disregard the guidelines at all. I think the district court should do what the case law demands which is treated as one of a series of equal factors under section three five five three one of several and not treated as quote unquote sentencing exposure and this sort of presumptive. Well where's your client now. He's in the federal detention center in Honolulu Your Honor. His sentence will be completed in August is it or something like that. Actually his sentence will be completed in August August about August 30th 2011 because he's also subject to a term supervised release for a year. Well wait I'm just talking about time in jail. He'll be out in August. He will have served his federal sentence in prison. Why don't you just say yes. He'll be out in August. He'll be out of jail in August. Right. Your Honor. He is also subject to an immigration proceeding. That's why I hesitate. Oh I see. Thank you. Well that sort of means it doesn't matter what we say. In other words we'd act on that. But we can say he's out tomorrow but in fact he wouldn't be out tomorrow. Is that what you're telling us. No not at all because he would have some relief. Number one he would have some relief pending the immigration proceedings. And number two at some point his conditions of supervised release would kick in. Thank you. Well where were his children born. He's got nine kids. I believe at least the majority of them were born on Guam. All right thank you. May it please the court. Good morning. Mara Vindavid for the United States. Starting with the guideline calculation range the parties in the district court below have no dispute as to the calculation of the guideline range. The pre-sentence report reflected a base offense level of 20 on account of the amount of tax loss involved in this case. The facts of this case are such that the defendant who is a resident of Guam electronically filed over 200 federal income tax returns on behalf of Guam resident taxpayers. Under the tax laws of Guam people who are residents of Guam file with the government of Guam tax authorities. On account of the defendant's crime the U.S. Treasury. So all that money goes in other words all the income tax that Guamanians pay goes into the territorial treasury. That is correct your honor. And they get to keep it. That is correct your honor. And but then under the people that earn a certain level they get a they get a kind of a tax credit right. That's correct your honor. That would be the earned income tax credit. Earned income tax credit. There's a very sad history is there not of the government of Guam delaying payment on these things so people wait for years to get paid. That is correct your honor. I mean I'm still waiting for my 2006 tax refund. I mean certainly that was the motive of the defendant and the taxpayers who he electronically filed on their behalf. On account of the defendant's crime over $750,000 was lost from the U.S. Treasury. Yeah but when the Guamanian government pays off that money will go to the U.S. Treasury. It goes to assuming there are tax returns available to the Guam residents who file in Guam it goes to the Guam residents your honor. What? The federal pardon me the income tax refunds assuming there are income tax refunds that are due to the Guam resident taxpayers. It's not a refund it's a credit. That is as the earned income credit. Yes your honor. Earned income credit. That's what we're talking about. Right. Which is only eligible for certain individuals in certain income levels. Yeah but these people were. They were however they weren't eligible to file taxes. I know but they had Guam had the territory had the money and had been fiscally responsible then these people would have gotten their earned income tax credit. They would have as well as. So all I'm saying is that when Guam becomes fiscally responsible and that shouldn't be too long because the United States military is going to spend billions and billions and billions of dollars over there in the very it's probably starting right now to build an entire infrastructure and bases and everything there because we're moving out of Okinawa. Then the Guamanian government will start getting more income tax. Right. Well that is a no go. Money will be there. Now's a good time to buy real estate. The Guamanian government thinks it's going to be forced to spend even more so I'm not sure that fiscal solvency is in the offing. Time will tell. We won't know probably until a couple more years from now. I'm just trying to work out a deal so you get your past due payments. Well that would be great your honor. In a way the government of Guam is a little bit complicit in all of this. Well in the sense that it's taking a while before Guam residents tax payers can obtain their income tax refunds. When was the last time they paid out? I can say from my experience 2006 but I can't just go online and file my income taxes federally and obtain a refund through the U.S. Treasury. I'm not asking you to do that. It's somewhat appealing but I dare not. It's not the usual fraud case let's just put it that way. No it's not the usual fraud case. So let's get to the sentence. Is this a reasonable sentence? Yes your honor. The record reflects and the district court considered the factors in 3553A taking into account the history of the defendant. I mean the district court read and it's available in the sentencing transcript, the pre-sentence report outlining the defendant's employment history, family background, educational background, work experience. The district court considered the community support letters that were provided for the defendant's behalf. Yet the district court also had to consider the nature of the offense, the amount of loss involved, and the record supports that the district court was well within its discretion in imposing a 15-month sentence. Now was his calculation of the guideline sentence accurate? Absolutely your honor. According to the pre-sentence report the base offense level started at level 20 on account of the tax loss. It increased two levels under the specific offense characteristics because the defendant received anywhere from $30,000 to $40,000 as part of his filing fees. A minus three for acceptance of responsibility was credited to the defendant because he pled to an information and cooperated with the government. Further he received a four level downward departure which the case agents had recommended and the government supported and the district court approved. So the total offense level was 19 reduced to 15 on account of the four level downward departure that the government moved. And frankly the district court by imposing a 15-month sentence varied its sentence even one more level because the level 14 accounts for a 15-month range in the low end. Unless the court has any more questions I submit. Thank you your honor. I would just add one note and I think the concerns that you've all expressed about the crime demonstrates one of the issues and one of the reasons that you cannot give sentencing guidelines too much weight is that the sentencing guidelines deal with money. And there's no accounting for what you've described as not your usual fraud case. This is I think outside the normal line. I'm not sure it's that far outside. I mean most people that commit fraud have a reason for wanting or needing the money. I understand that. And the federal government is out the money here. They decided or somebody decided and your client appears to be the person in the middle of it decided well we're going to rob Peter to pay Paul. Because Juan won't pay us we're going to take it from the United States. As a result the United States treasury suffered a loss. That's right. And I mean I have to acknowledge that the United States treasury paid out refunds that it should not have. It paid out refunds when it never got a penny from the people who collected the refunds. That is so. Yes. And that's what the district court referenced in explaining why she thought this was a serious crime. There's no but there's no accounting in the guidelines for the discussion that's going on right here. And she's sentenced outside the guideline range. That's right. But the guidelines had in the district court too much of a too much of a gravitational pull rather than being equally weighted. Does the United States treasury subsidize the government of Guam? You know I don't know the full answer to that question Your Honor. But I would expect that that would have been a question that could have been developed in the district court. It is a territorial government. Does this same approach apply to Puerto Rico? Yes. Does it? It does. I dealt with Puerto Rico before. Okay. Well I'm just I didn't know all that so. Yeah. Until I got on this case. That's what's good about this job. You always learn something new. I always learn something new every day. All right. Thank you. Submit. Half a day. I submit it. Yes. U.S. v. Cuba.
judges: Fletcher B. , Pregerson, Clifton